Samuel Rabin, J.
Motion by the plaintiff in a derivative stockholder’s action to substitute attorneys, direct outgoing attorneys to turn over and deliver all files, records and papers belonging to the plaintiff, pertaining to this action, and to fix the percentage of any fees recovered herein to be paid to the outgoing attorneys, which said fees shall be deemed a lien upon this cause of action and upon any sum realized thereunder, whether by judgment, order or settlement, and the payment of which is to be deferred until the final determination of this action.
The attorneys sought to be substituted object to having their lien fixed on a contingent percentage basis. They request that they be paid the sum of $35,000, which they claim to be the reasonable value for services rendered to date, including the actual office disbursements, and that the order of substitution be made ‘ ‘ upon condition that the fixed fee as requested * * * be first paid. ’ ’
Inasmuch as plaintiff did not undertake personally, or as administratrix of the estate of her husband, the owner of 20 shares of stock of Tipon Corporation, to pay or to he responsible for the payment of the legal services to be rendered by her attorneys in the derivative stockholder’s action, for the benefit of said corporation, the said attorneys must look for the payment of their services and disbursements to the allowance for expenses and attorneys’ fees that may subsequently be made in this action. Section 61-a of the General Corporation Law, which provided for allowances to be made by the court for expenses and attorneys’ fees, was construed to encompass as a basis therefor “ a successful prosecution resulting in a substantial benefit to the corporation.” (Drivas v. Lekas, 265 App. Div. 1003, 1004.) Although that section has been eliminated *846 (L. 1945, ch. 869, § 2) upon the recommendation of the Law Revision Commission (1945 Report of N. Y. Law Rev. Comm., p. 131 et seq.; N. Y. Legis. Doc., 1945, No. 65 [E]), section 5 of the bill expressly provided that the repeal of said section should not ‘ ‘ be construed to limit the power of the court in actions brought on behalf of a corporation to grant allowances to parties plaintiff for their reasonable expenses including attorneys’ fees.” Accordingly the reasoning in Drivas v. Lekas (supra) still obtains.
Inasmuch as the outgoing attorneys object to having their lien measured by a percentage allowance of the fees that may be directed to be paid, the court must evaluate their services on the basis of quantum meruit. (Martucci v. Brooklyn Children’s Aid Soc., 284 N. Y. 408.) This can best be done when it is established that the corporation in whose behalf the action was brought had benefited from attorneys’ services. Only then will it be possible for the court to make an allowance for that purpose. (Masholie v. Salvator, 269 App. Div. 846.) When such an allowance has been made, the court will be in a position equitably and justly to proportion the total allowance between the outgoing and incoming attorneys, in accordance with their respective contributions of the services rendered and disbursements incurred.
The motion is accordingly granted, the outgoing attorneys, however, to have a charging lien for their services and disbursements until their discharge, the amount thereof to be fixed when the total allowance for attorneys’ fees, if any, is made by the court, pursuant to the statute, of which timely notice shall be given to the plaintiff’s former attorneys.